## UNITED STATES *v.* SIMS.

*(District Court, N. D. Ohio, E. D.   December 3, 1881.)*

1. EMPLOYMENT OF UNLICENSED ENGINEERS—REV. ST. § 4438.

    An indictment under Rev. St. § 4438, which provides that it shall be unlawful to employ any person, or for any person to serve, as a master, chief mate, engineer, or pilot on any steamer, who is not licensed by the inspectors, need not charge that the employment was with knowledge that the employe had not been licensed as the statute required.

*Charles L. Fish*, for defendant.

*Edward S. Meyer*, Dist. Atty., for plaintiff.

WELKER, D. J.   The indictment charges the defendant with violation of section 4438, title 3, of the "Act for the regulation of steam-vessels," in employing an engineer on the tug of the defendant who was not licensed as required by the statutes. Plea not guilty, and a verdict of guilty by the jury. The defendant files a motion in

arrest of judgment, because the indictment does not charge a violation of the statute. The defect relied upon in the motion is that the indictment does not aver that the defendant knew, at the time he employed the engineer to serve on the tug, that the engineer was not licensed by the proper inspectors, as required by the statute. The section provides that—

"The board of local inspectors shall license and classify the masters, chief mates, engineers, and pilots of all steam-vessels. It shall be unlawful to employ any person, or for any person to serve, as a master, chief mate, engineer, or pilot on any steamer, who is not licensed by the inspectors, and any one violating this section shall be liable to a penalty of $100 for each offence."

The indictment does not aver knowledge of defendant that the engineer was not licensed. The only question made by the motion is whether it is necessary to make this averment in the indictment.

In construing this section it is important to bear in mind the object and purpose of this statute for the regulation of steam-vessels, and the important duties of the engineer in their navigation. These regulations are for the protection of the lives of those engaged in navigation, as well as the traveling public, and the property that may be carried upon these vessels; they provide for the safety of this branch of the water-carrier business.

Section 4441 provides that the inspector shall examine the applicant for license as an engineer as to his knowledge of steam machinery, his experience as an engineer, and the proofs he produces, and if satisfied that his character, habits of life, knowledge and experience in the duties of an engineer are such as make him a suitable and safe person to be entrusted with the powers and duties of the station, he shall grant him a license, and such license is revocable for negligence, unskilfulness, or intemperance. These regulations also require the engineer, when employed on a vessel, to place his certificate of license in some conspicuous place in such vessel, where it can be seen by passengers at all times.

These references to the statute show the importance attached to qualifications and skill of this class of officers. It will be observed that section 4438 does not state that it shall be unlawful to knowingly employ such unlicensed engineer. Some of the preceding sections do state that certain acts shall be intentionally done to incur the penalty. If such knowledge was intended as an element of the offence it would have been so written, and not left for inference. As far as possible it is the duty of the court to carry out the purpose and intent

of congress in the establishment of these regulations. If it be required that owners of vessels must be shown to know that the man he employs as an engineer is not licensed, the public loses the protection intended to be afforded by these regulations, as the owner can employ any one and say he did not know he was not licensed, and need not inquire. The purpose of this section is to require him to know that such license has been obtained, and he employs him as an engineer at his peril if he be not in fact so licensed. Therefore, it is not necessary to aver in the indictment, or prove on the trial, such knowledge on the part of the employer to make him liable to the penalty of the statute.

The motion is overruled.